UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Clinton Kays, | ) | CASE NO. 4:12 CV 161 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### **INTRODUCTION**

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Kathleen B. Burke (Doc. 16), recommending that plaintiff's request for a Sentence Six remand be denied and the decision of defendant be affirmed. This is a social security appeal. For the reasons that follow, the R&R is ACCEPTED and the decision of defendant is AFFIRMED.

### **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely

1

objections have been made to the Report and Recommendation, provides in part:

> **(b) Dispositive Motions and Prisoner Petitions.**
>
> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." *citing United States v. Raddatz*, 447 U.S. 667 (1980).

### **ANALYSIS**

Plaintiff objects to the R&R on one ground. According to plaintiff, the Magistrate Judge erred in determining that a remand under Sentence Six is not warranted. Plaintiff argues that the Magistrate Judge erred in concluding that the Administrative Law Judge ("ALJ") met his burden to develop the record. In addition, plaintiff argues that the Magistrate Judge erred in determining that a heightened duty on the part of the ALJ to develop the record is not required in this case.

Upon review, the Court finds that the objection is not well-taken. As correctly noted by the Magistrate Judge, the ALJ adequately developed the record. Plaintiff complains that the ALJ should have obtained medical records from the time period July 2008 through February 2009 from St. Elizabeth Medical Center. According to plaintiff, a notation on a medical form from St. Elizabeth Medical Center indicates that plaintiff had a follow up appointment in July of 2008. At the hearing, however, plaintiff himself informed the ALJ that he "quit doctoring" at St. Elizabeth Medical Center. In addition, the ALJ questioned plaintiff about a gap in treatment at St. Elizabeth Medical Center and plaintiff did not inform the ALJ that he had in fact sought

treatment during this time period.  As such, based on information provided by plaintiff himself, the Court finds that the ALJ did not err in developing the record.

The Court further agrees with the Magistrate Judge that application of a heightened duty is not warranted in this case.  The ALJ is under a heightened duty to develop the record where the "claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures." Wilson v. Comm'r of Soc. Sec., 280 Fed. Appx. 456, 459 (6th Cir. 2008).  *See also, Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048 (6th Cir.1983)(finding that ALJ had heightened duty where claimant was 79 years old, "with a fifth grade education, who after suffering two strokes had trouble reading, writing, and reasoning").  As the Magistrate Judge correctly noted, plaintiff was fully informed of his right to counsel and waived that right both verbally and in writing.  He has a high school education and can read and write.  A review of the transcript demonstrates that plaintiff fully participated in the hearing and understood hearing procedure.  As such, the Court finds that plaintiff fails to establish that the ALJ had a heightened duty to develop the record.

Because the ALJ properly developed the record, plaintiff cannot meet his burden of establishing that he is entitled to a remand under Sentence Six.

**CONCLUSION**

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Kathleen B. Burke (Doc. 16), is ACCEPTED and the decision of the defendant is AFFIRMED.  The R&R is fully incorporated by reference.

IT IS SO ORDERED.

Dated: 2/8/13

 /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge